O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CLIFTON M. LEWIS,                          )   NO. EDCV 09-01938-MAN
                                           )
               Plaintiff,                  )
                                           )   MEMORANDUM OPINION
        v.                                 )
                                           )   AND ORDER
MICHAEL J. ASTRUE, Commissioner            )
of Social Security,                        )
                                           )
               Defendant.                  )
_____)

        Plaintiff filed a Complaint on October 15, 2009, seeking review of
the denial by the Social Security Commissioner ("Commissioner") of
plaintiff's application for disability insurance benefits ("DIB") for a
closed period of disability, from August 1, 2001, through June 1, 2004.
On November 13, 2009, the parties consented to proceed before the
undersigned United States Magistrate Judge pursuant to 28 U.S.C. §
636(c).  The parties filed a Joint Stipulation on July 16, 2010, in
which:  plaintiff seeks an order reversing the Commissioner's decision
and awarding benefits or, in the alternative, remanding the matter for
further administrative proceedings; and defendant seeks an order
affirming the Commissioner's decision.  The Court has taken the parties'
Joint Stipulation under submission without oral argument.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On December 26, 2001, plaintiff filed an application for a period of disability and DIB, in which he alleged a disability onset date of August 1, 2001 due to a back injury.  (Administrative Record ("A.R.") 59-61, 71.)  Plaintiff has past relevant work as a handyman and mason. (A.R. 72.)

After the denial of plaintiff's application initially and upon reconsideration (A.R. 22-27, 30-33), plaintiff timely requested a hearing (A.R. 34).  On February 25, 2003, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge John W. Belcher ("ALJ Belcher").  (A.R. 197-227.)  On June 2, 2003, a supplemental hearing was held.  (A.R. 228-49.)  On July 17, 2003, ALJ Belcher denied plaintiff's application. (A.R. 15-18.) Plaintiff timely appealed ALJ Belcher's decision, and the Appeals Council denied plaintiff's request for review.  (A.R. 4-6.)  On May 20, 2004, plaintiff sought review in this Court (Case No. EDCV 04-593-MAN), which remanded the case for further proceedings in a March 30, 2006 Order (the "2006 Remand Order").[1]  (A.R. 280-301.)

On May 11, 2006, the Appeals Council effectuated the 2006 Remand Order (A.R. 279) and remanded the matter for a supplemental hearing,

---

[1]    In its 2006 Remand Order, the Court ordered the ALJ to:  (1) "clarify and develop the record as to whether Plaintiff's back impairment requires fusion surgery, and therefore meets a Listing, through eliciting an additional opinion on this specific issue from a medical expert, an examining doctor, or one of Plaintiff's treating doctors;" and (2) "address each of Plaintiff's claimed limitations in his decision on remand."  (A.R. 293, 299.)

which occurred on August 3, 2006.  (A.R. 368-89.)  Plaintiff again testified before ALJ Belcher. (*Id.*)  At the hearing, plaintiff, through his attorney, requested a closed period of disability from August 1, 2001, through June 1, 2004.  (A.R. 371.)  On January 19, 2007, ALJ Belcher again denied plaintiff's application.  (A.R. 256-60.)  On April 10, 2007, plaintiff again appealed to this Court (Case No. EDCV 07-412-MAN), and on August 29, 2008, the Court again remanded the case for further proceedings (the "2008 Remand Order").  (A.R. 438-50.)  In the 2008 Remand Order, the Court ordered the ALJ to specify the allegations of pain and/or symptoms he found not to be credible and provide clear and convincing reasons, based upon substantial evidence in the record, for rejecting them. (A.R. 448.)

On February 20, 2009, the Appeals Council effectuated the 2008 Remand Order.  (A.R. 451.)  On April 6, 2009, plaintiff testified at a hearing before Administrative Law Judge Joseph D. Schloss (the "ALJ"). (A.R. 416-29.)  On July 2, 2009, the ALJ denied plaintiff's application. (A.R. 393-99.)

### SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff did not engage in substantial gainful activity from August 1, 2001, the alleged onset date, through September 30, 2008, the date last insured.[2]  (A.R. 395.)  The ALJ determined that

---

[2]    Plaintiff alleges, and seeks benefits for, a closed period of disability from August 1, 2001, through June 1, 2004.  (Joint Stipulation at 14; A.R. 418.)  In his decision, however, the ALJ analyzed a period of disability from August 1, 2001 through September 30, 2008.  (A.R. 393-99.)  The Court will only focus on the closed

3

plaintiff had a severe musculoskeletal impairment. (*Id.*) The impairment did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 396.)

The ALJ determined that plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except lifting and/or carrying more than 20 pounds occasionally and 10 pounds frequently with no significant limitations in his ability to stand, walk or sit. [Plaintiff] is precluded from work requiring the use of ladders, ropes, or scaffolds, work requiring the use of vibratory tools, work at unprotected heights and not [*sic*] requiring more than occasional crawling and kneeling. There are no restrictions on bending, stooping or crouching. There are no mental limitations.

(A.R. 396.)

The ALJ found that plaintiff was unable to perform his past relevant work. (A.R. 398.) Having considered plaintiff's age, education, work experience, and RFC, and in reliance on testimony from the vocational expert, the ALJ found that jobs existed in the national economy that plaintiff could have performed, including jobs as a bench assembler, hand packager/inspector, and cashier II. (A.R. 398-99.)

---

period of disability alleged by plaintiff.

1    Accordingly, the ALJ concluded that plaintiff was not disabled, as
2    defined in the Social Security Act, from August 1, 2001, through
3    September 30, 2008.[3]  (A.R. 399.)

4

5                          **STANDARD OF REVIEW**

6

7    Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's
8    decision to determine whether it is free from legal error and supported
9    by substantial evidence in the record as a whole.  Orn v. Astrue, 495
10   F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant
11   evidence as a reasonable mind might accept as adequate to support a
12   conclusion.'"  Id.  The "evidence must be more than a mere scintilla but
13   not necessarily a preponderance."  Connett v. Barnhart, 340 F.3d 871,
14   873 (9th Cir. 2003)(citation omitted).

15

16   Although this Court cannot substitute its discretion for that of
17   the Commissioner, the Court nonetheless must review the record as a
18   whole, "weighing both the evidence that supports and the evidence that
19   detracts from the [Commissioner's] conclusion."  Desrosiers v. Sec'y of
20   Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also
21   Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is
22   responsible for determining credibility, resolving conflicts in medical
23   testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d
24   1035, 1039-40 (9th Cir. 1995).  "Where the evidence as a whole can
25   support either a grant or a denial, [a federal court] may not substitute
26   [its] judgment for the ALJ's."  Bray v. Comm'r of Soc. Sec. Admin., 554

27   _____

28   [3]    As discussed in Note 2, supra, the correct, closed period of
     disability is August 1, 2001, through June 1, 2004.

                                    5

F.3d 1219, 1222 (9th Cir. 2009)(citation and internal punctuation omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Tommasetti v. Astrue, 553 F.3d 1035, 1038 (9th Cir. 2008); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004)("if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision"). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); see also Tommasetti, 533 F.3d at 1038; Burch, 400 F.3d at 679.

**DISCUSSION**

**I.   The ALJ's Finding Regarding The Credibility Of Plaintiff's Pain Testimony Is Reversed.**

Plaintiff alleges that the ALJ failed to properly consider his subjective complaints regarding his pain and symptoms in assessing his credibility. (Joint Stipulation at 4.) For the reasons set forth

6

below, the Court agrees.

Once a disability claimant produces evidence of an underlying physical impairment that is reasonably likely to be the source of his subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(en banc); see also 20 C.F.R. § 404.1529(a) (explaining how pain and other symptoms are evaluated). Moreover, "unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. Moisa, 367 F.3d at 885.

This is the third time this issue has been raised. In the 2006 Remand Order, the Court instructed the Commissioner, on remand, to further consider not only plaintiff's back pain but also his other alleged symptoms, which include, without limitation, alleged pain, stiffness, muscle spasms, numbness in his left leg and foot (and occasionally in his right leg), and pain when walking, which required him to walk hunched over. (A.R. 299; see, e.g., A.R. 126, 132, 141, 169, 183.) ALJ Belcher failed to do this, notwithstanding the Court's specific order that this be done. ALJ Belcher should have addressed each of plaintiff's claimed limitations and the extent, if any, to which

they impacted his ability to work during his alleged period of disability.  ALJ Belcher's failure to do so constituted error.

In the 2008 Remand Order, the Court again instructed the Commissioner, on remand, to "specify, based on substantial evidence of record, which allegations of pain and/or other symptoms he finds to be not credible."  (A.R. 448.)  Because it was undisputed that plaintiff suffered from a back impairment during the period of disability that could have caused pain and symptoms such as those he alleges, the Court ordered the Commissioner to provide clear and convincing reasons, based upon substantial evidence in the record, for rejecting plaintiff's testimony.  (*Id.*)  Yet again, the ALJ failed to provide clear and convincing reasons based on substantial evidence.

The ALJ states the following reasons for rejecting plaintiff's testimony regarding his pain and symptoms:  (1) it is not supported by objective medical evidence; (2) plaintiff's testimony is inconsistent with the facts in the record; (3) plaintiff has a poor work history; and (4) plaintiff's medication dosage would not cause adverse side effects.  (A.R. 397-98.)  In citing these reasons, the ALJ appears to rely almost exclusively on the opinion of Dr. Arthur Lorber, a medical expert.  (A.R. 396-97.)  None of these reasons constitute clear and convincing reasons based on substantial evidence as required.

It is undisputed that plaintiff had a back impairment that could have caused the type and severity of pain complained of by plaintiff during his alleged closed period of disability, and there is no finding by the ALJ that plaintiff was malingering.  Plaintiff's medical records

reflect that plaintiff injured his back in August 2001, and underwent a lumbar laminectomy on November 26, 2001.  (A.R. 101-102.)  After the surgery and throughout the period of disability, plaintiff continuously reported back pain and was prescribed pain medication.  (*See, e.g.*, A.R. 116, 122, 160.)  Although plaintiff's doctors found little objective medical evidence to support plaintiff's pain testimony, neither his treating physicians nor the medical experts thought that plaintiff was malingering.  To the contrary, plaintiff's treating physicians all acknowledged and treated the pain (*see, e.g.,* A.R. 168, 170, 173), and some recommended additional surgery (A.R. 122, 173).  Indeed, two of the medical experts acknowledged in their testimony that it is possible for plaintiff to have been experiencing significant levels of pain.  (A.R. 219, 378-79.)  Thus, despite the lack of objective medical evidence -- which by itself cannot discredit plaintiff's pain testimony -- there is a consensus that the severity of pain allegedly experienced by plaintiff is possible.  *See* <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ's remaining credibility findings are equally unavailing. The ALJ asserts that plaintiff's testimony is inconsistent with the facts.  Indisputably, in evaluating credibility, an ALJ is entitled to rely on factors such as inconsistencies between a claimant's testimony and the facts.  <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002).  Here, however, the evidence does not point to inconsistencies. First, the ALJ implied that plaintiff lied about the advice he received from his treating physician, Dr. H. Dhillon.  (A.R. 397.)  While the ALJ is correct that Dr. Dhillon's treatment notes do not contain an express recommendation for additional surgery, such an omission is not substantial evidence that plaintiff is lying.  To the contrary,

plaintiff's treatment notes reflect that he has reported to two other physicians that Dr. Dhillon recommended a lumbar fusion. (A.R. 173, 351.) Moreover, Dr. Dhillon's treatment notes from April 24, 2003, indicate that plaintiff told Dr. Dhillon that "[h]e can't do surgery," which suggests Dr. Dhillon recommended surgery and is consistent with plaintiff's testimony that he did not want additional surgery due to the lack of guaranteed success. (A.R. 293, 361.) Second, the ALJ stated that the record failed to support plaintiff's assertion that "he reclined and spent most of his time using a heat pack." (A.R. 397.) Nothing in the record, however, remotely suggests that plaintiff is lying about his daily activities. No person testified to the contrary, and -- consistently with plaintiff's testimony -- Dr. Dhillon's treatment notes reflect that plaintiff had "heat marks." (A.R. 235, 361.)

Plaintiff's work history also does not constitute a clear and convincing reason for rejecting plaintiff's pain testimony. A poor work record may negatively affect a claimant's credibility. Thomas, 278 F.3d at 958-59. While Plaintiff's work history is not a model of consistency, the record reflects that plaintiff worked to some degree most of the years prior to his period of disability, and he has engaged in some level of work after his period of disability. (A.R. 456.) As such, while a plaintiff's spotty work history may be a valid consideration, in this instance, it is not a clear and convincing reason for rejecting plaintiff's credibility.

Finally, the ALJ's finding that plaintiff's testimony regarding the side effects of his medications is not credible is also without merit.

10

The ALJ based his finding entirely on Dr. Lorber's testimony that he could not anticipate any adverse side effects from the dosage of Vicodin that plaintiff was allegedly taking in January 2004.[4]  (A.R. 397.)  Even if Dr. Lorber's testimony was sufficient by itself, it was based on a lower dosage amount than plaintiff was taking during the period of disability.   Dr. Lorber testified that, as of January 15, 2004, plaintiff's treating physician, Dr. David H. Thio, reported that plaintiff was taking one to one and a half tablets of Vicodin per day. (A.R. 423.)  The Court cannot find this treatment note in the record. Instead, contrary to the ALJ's assertion that "[e]arly treatment records do not indicate how often [plaintiff] was taking Vicodin" (A.R. 397), the record reflects that plaintiff was taking three to four tablets of Vicodin through the alleged period of disability.  (A.R. 184, 351.)  It was not until January 17, 2005, after the alleged period of disability, that plaintiff reduced his dosage.  (A.R. 349.)  As such, the Court also finds that the ALJ failed to properly address and dismiss plaintiff's side effects.

Accordingly, as there is no clear and convincing reason to find plaintiff's pain testimony not credible, the ALJ erred when he discredited plaintiff's pain.

**II.  Reversal And Remand For The Payment Of Benefits Is Appropriate.**

The Court concludes that there is no reason to remand this case for further administrative proceedings.

---

[4]  The ALJ again fails to reference plaintiffs' complaints about Neurontin.  (A.R. 123.)

1    In the Ninth Circuit, courts have the discretion to "credit as
2    true" the testimony of claimants when the ALJ has failed to provide
3    legally sufficient reasons for rejecting such testimony.  *See, e.g.,*
4    Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004); Harman v. Apfel,
5    211 F.3d 1172, 1179 (9th Cir. 2000); Swenson v. Sullivan, 876 F.2d 683,
6    689 (9th Cir. 1989).  Specifically, in Varney v. Sec'y of Health and
7    Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988), the Ninth Circuit
8    stated that:
9
10       [W]here there are no outstanding issues that must be resolved
11       before a proper disability determination can be made, and
12       where it is clear from the administrative record that the ALJ
13       would be required to award benefits if the claimant's excess
14       pain testimony were credited, we will not remand solely to
15       allow the ALJ to make specific findings regarding that
16       testimony.  Rather, we will follow the Eleventh Circuit's
17       practice and take that testimony to be established as true.
18
19   *See also* Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)(accepting
20   plaintiff's testimony as true and granting payment for benefits).  That
21   principle governs here.
22
23       This case was remanded twice, once in 2006 and again in 2008,
24   based, in part, on errors in the consideration of plaintiff's
25   credibility and pain testimony.  Thus, this is the third time that the
26   Commissioner has attempted and failed to provide clear and convincing
27   reasons, based upon substantial evidence, for rejecting plaintiff's pain
28   testimony.  In Benecke, the Ninth Circuit emphasized that "[a]llowing

12

the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication," and unfairly "delay much needed income for claimants who are unable to work and are entitled to benefits." 379 F.3d at 595. Moreover, in <u>Moisa</u>, after finding that reversal was justified due to the ALJ's commission of clear error in rejecting the claimant's pain testimony, the Ninth Circuit concluded that a remand for an award of benefits, rather than for further proceedings on the credibility issue, was appropriate. 367 F.3d at 887. The Ninth Circuit reasoned that "[t]he Commissioner, having lost this appeal, should not have another opportunity to show that [plaintiff] is not credible any more than [plaintiff], had he lost, should have an opportunity for remand and further proceedings to establish his credibility." *Id.*

If plaintiff's pain testimony is credited as true, which the Court believes is appropriate under the circumstances, the record shows that plaintiff is disabled. Three vocational experts testified that, if plaintiff were required to have unscheduled breaks throughout the day, there would be no jobs that exist in the national economy that he could perform. Corinne J. Porter testified that, if an individual required two to three thirty-minute unscheduled breaks each day, "[t]here wouldn't be any work available." (A.R. 242.) Sandra Fioretti testified that, if an individual needed to recline four hours out of a work week to rest his back, "it would erode the labor market completely," and such jobs "would be very rare." (A.R. 387-88.) Luis Mas testified that, if an individual required an additional four hours of breaks in a work week, he would not stay employed. (A.R. 428.)

Thus, the Court finds that plaintiff was disabled throughout the relevant closed period, and reversal and remand for an award of benefits is warranted.

**CONCLUSION**

Accordingly, for the reasons stated above, the Commissioner's decision is REVERSED, and this case is remanded to the Commissioner for the payment of benefits to plaintiff.  Judgement shall be entered in favor of plaintiff, and this action shall be dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 14, 2010

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

14